IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ASCENCION CALDERA,

     Plaintiff,

v.                                      C.A. No.:   4:17-cv-2113

ROYAL AC, INC., GEORGE SALEH, and,
SAM MUKATTASH,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASCENCION CALDERA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, pursuant to 29 U.S.C. § 216(b), hereby sues Defendants, ROYAL AC, INC., GEORGE SALEH, and, SAM MUKATTASH (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1.     This is an action by Plaintiff against his former employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.   Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendants and incurred unpaid overtime wages while working in Houston, Texas.

## THE PARTIES

4.      Plaintiff, ASCENCION CALDERA, is an individual residing in Harris County, Texas.   Plaintiff was employed by Defendants as a delivery driver and warehouse worker from approximately June 2, 2014, through April of 2017, at the hourly rate of $10.00.   Plaintiff's principle duties were processing work order and the delivery of air conditioner parts.

5.      Defendant, ROYAL AC, INC., is a corporation formed under the laws of the State of Texas and at all at all times material to this complaint, maintained and operated a business in Houston, Texas.

6.      Defendants, SAM MUKATTASH and GEORGE SALEH, are the sole officers of ROYAL AC, INC.

7.      Defendants, SAM MUKATTASH, and GEORGE SALEH, are residents of Harris County, Texas.

8.      At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11.     At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12.     At all times material to this complaint, Defendant, ROYAL AC, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).   Specifically, Defendant specializes in air conditioning and heating installation and repair.

13.     Defendants were jointly and severally the Plaintiff's "employer" as that term is defined under the FLSA.

14.     At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

15.     Additionally, Plaintiff performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce.

16.     At all times material to this Complaint, Defendants were the employers of the Plaintiff and, as a matter of economic reality, the Plaintiff was dependent upon Defendants for his employment.

17.     Defendants failed to pay Plaintiff for the additional half-time premium required under the FLSA for any overtime hours Plaintiff worked in excess of 40 hours per workweek.

18.     Plaintiff did not hold a position that would qualify for any exemption under the FLSA.

19.     During Plaintiff's employment, Defendants required, suffered or permitted Plaintiff to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

20.     Defendants were aware that the FLSA required it to pay Plaintiff time and one-half of his regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

21.     In order to circumvent the requirements of the FLSA, Defendants paid Plaintiff his regular rate for all hours worked.

22.     Defendants were aware that Plaintiff had worked overtime hours during one or more workweeks; however, Defendants willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff.

23.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendants' willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally, for the following:

      A.     Actual damages provided by law;

      B.     Liquidated damages as allowed by law;

      C.     Reasonable attorneys' fees and costs;

      D.     For pre-judgment interest in the event liquidated damages are not awarded;

      E.     For such other and further relief to which Plaintiff may be justly entitled, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demand a jury trial on all issues so triable.

Respectfully submitted, July 11, 2017.

**ROSS LAW GROUP**

_____

**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com